UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARC LEWIS,

Plaintiff,

v.

9:08-CV-482 (TJM)(ATB)

J. JOHNSTON, *et al.*,

Defendants.

---

APPEARANCES: OF COUNSEL:

MARC LEWIS
95-A-2837
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821
Plaintiff *pro se*

HON. ANDREW M. CUOMO
New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

CHRISTINA L. ROBERTS-RYBA, Esq.
Assistant Attorney General

THOMAS J. McAVOY
Senior U.S. District Judge

**DECISION AND ORDER**

## I. Introduction

Currently before the Court are two motions for injunctive relief filed by plaintiff Marc Lewis. Dkt. Nos. 131, 136. Defendants oppose the requested relief. Dkt. Nos. 135, 137.

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of

success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the ... merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

When, however, the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the standard is higher. *Id*. "[I]n addition to demonstrating irreparable harm, "'[t]he moving party must make a clear or substantial showing of a likelihood of success on the merits,' *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996) (internal quotations omitted), a standard especially appropriate when a preliminary injunction is sought against government. *Mastrovincenzo v. City of New York*, 435 F.3d 78, 89 (2d Cir. 2006)." *D.D. ex rel. V.D.*, 465 F.3d at 510. The same standards govern consideration of an application for a temporary restraining order. *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* No. 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D.Conn. Oct. 19, 2007)).

**II. First request for injunctive relief**

In his first request for injunctive relief, plaintiff seeks a court order enjoining defendant Gardner, any and all staff at Great Meadow Correctional Facility, and all correctional staff within the New York State Department of Correctional Services ("DOCS") from assaulting, injuring, setting up, or otherwise harming plaintiff. Dkt. No. 131; *see also* Dkt. Nos. 132, 134. Plaintiff alleges that he is being transferred to Great Meadow, where Defendant Gardner is now employed as a lieutenant, and plaintiff fears that defendant Gardner will take steps to harm plaintiff because plaintiff filed the present

lawsuit against defendant Gardner. *Id*. at 2. Plaintiff contends that defendant Gardner "will order his staff to set the plaintiff up with weapons and/or a assault" therefore he requests an order of protection against defendant Gardner and all staff at Great Meadow. *Id*. Plaintiff also seeks an order of protection against all DOCS staff because defendant Gardner can obtain information on plaintiff's location from the DOCS computer and order staff at whichever facility that plaintiff is at to injure or set up plaintiff. *Id*. Plaintiff believes that defendant Gardner and the other defendants named in this lawsuit wish to injure plaintiff "in retaliation/revenge" for filing this civil suit. Dkt. No. 134 at 1.

Defendants oppose plaintiff's first request for injunctive relief asserting, among other things, that (1) plaintiff's request for injunctive relief to protect him from reprisals from Defendant Gardner at Great Meadow is moot because defendant Gardner was transferred to Franklin Correctional Facility on August 17, 2009[1] and (2) plaintiff's allegations of future harm are insufficient to establish that he will suffer irreparable harm without the requested relief. Dkt. No. 135.

"The irreparable harm necessary to support injunctive relief must be 'actual and imminent,' not 'remote [or] speculative.' *Forest City Daly Hous., Inc. v. Town of N. Hempstead,* 175 F.3d 144, 153 (2d Cir. 1999)." *Young-Flynn v. Wright*, No. 05 Civ. 1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008) (citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages."). Plaintiff's allegations that he may be the victim of future harassment or harm by DOCS

[1] Since plaintiff has alleged that defendant Gardner can arrange to have plaintiff harmed even if defendant Gardner is not at plaintiff's facility, the Court will address the merits of plaintiff's request even though Gardner is no longer at Great Meadow.

employees do not amount to irreparable harm.

Even if plaintiff could establish irreparable harm, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992). Plaintiff has failed to submit **proof or evidence** which meets this standard. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Additionally, to the extent that plaintiff seeks injunctive relief against **all staff at Great Meadow as well as all DOCS employees**, his request is denied. The law is clear that, except in limited circumstances not relevant here, a court may not order injunctive relief as to **non-parties** to an action. *See* Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Sumpter v. Skiff*, No. 9:05-CV-0869, 2006 WL 3453416, at *1 (N.D.N.Y. Nov. 28, 2006).

## III. Second request for injunctive relief

In his second request for injunctive relief, plaintiff asks the court to order Superintendent LaValley of Great Meadow "to force his correctional officer Mr. G. Sawyer to immediately release" plaintiff's property bags to plaintiff. Dkt. No. 136. Defendants oppose this request because neither Superintendent LaValley or G. Sawyer are parties to this action. Dkt. No. 137.

> "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *McKinnon v. Tresman,* 2004 WL 78091, at *1 (2004 D. Conn.) (citing *Devose,* at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997) ( "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." ).

*Candelaria*, 2006 WL 618576, at *3. In other words, the relief that a plaintiff seeks by way of injunction **must relate to the allegations contained in the underlying complaint**. *See Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (adopting a magistrate judge's recommendation that the court deny a request for injunctive relief because the allegations in the application were unrelated to claims asserted in the complaint and, thus, the plaintiff had "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

In his complaint, plaintiff claims that while he was incarcerated at Franklin Correctional Facility, employees of Franklin issued plaintiff false misbehavior reports in retaliation for complaints that he filed against correctional officials; placed plaintiff in the Special Housing Unit; assaulted plaintiff; and denied him proper medical care and due process. *See* Dkt. No. 1. Plaintiff also alleges that while he was incarcerated at Upstate Correctional Facility, Upstate employees denied plaintiff proper medical care and interfered with plaintiff's legal mail. *Id*. Clearly, the allegations that form the basis for plaintiff's second request for injunctive relief with respect to actions taken by staff at **Great Meadow** Correctional Facility **in 2010** are not related to the allegations contained in plaintiff's

complaint alleging wrongdoing that occurred at **Franklin** and **Upstate** Correctional Facilities **in 2006 and 2007**. Thus, plaintiff's second request for injunctive relief is **denied** for this reason.

Additionally, since plaintiff seeks injunctive relief against two persons who are not parties to this action, his second request for injunctive relief is **denied** for this reason as well. *See* Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action . . ."); *Regan*, 858 F.2d at 120; *Sumpter* 2006 WL 3453416, at *1.

**IV. Conclusion**

Accordingly, after carefully reviewing plaintiff's submissions and the relevant law, and for the above-stated reasons, plaintiff's requests for injunctive relief are **denied**.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's requests for injunctive relief (Dkt. Nos. 131 and 136) are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated:April 1, 2010

Thomas J. McAvoy
Senior, U.S. District Judge